SILER, Circuit Judge,
dissenting:
I respectfully dissent from the majority. Even though the procedure in a Batson challenge seems to be a pitfall for the district courts, Kesser v. Cambra, 465 F.3d 351, 359 (9th Cir.2006) (en banc), requires the district court to consider each explanation within the context of the record, regardless of whether relevant portions of the record are brought to its attention by the movant. Therefore, in light of Kesser, I concur with the majority in its denial of the motion by Nibco to strike appellants’ appendix and its granting the request to take judicial notice of the completed juror questionnaires as tendered by the appellants.
I part company with the majority with regard to its determination that the district court clearly erred in finding that the stated reasons by Nibco for striking Juror TG were not a pretext for intentional discrimination. As the majority states, the district court accepted three reasons for striking TG and did not address the two other reasons. Although Nibco’s counsel made a mistake when he claimed that TG’s sister had problems with discrimination, counsel apparently corrected the mistake when he said “or not.” The sister had not indicated any problems with discrimination, but she had been fired for calling in to be excused too many times. TG said it was her sister’s own fault that she was fired, but that does not show discrimination. Counsel also said that TG “loved working” with people who spoke different languages. TG did say that she worked in a diverse workplace for Frito Lay and that she got along with everyone. She also said that Frito Lay was a great company to work for and that she had no grievances with it. The suggestion that she loved working in a diverse workplace was probably a subjective thought by counsel. She also had filed a workers’ compensation claim, as did some of the non-Hispanic jurors. Although four non-Hispanic jurors also filed workers’ compensation claims, they did not have the overall mixture of criteria related by Nibco. Consequently, the majority’s comparative juror analysis is an exercise in comparing apples to oranges.
Finally, Nibco indicated that TG had previously served on a jury that failed to reach a verdict. Although comparing just one of these criteria with the criteria found in a non-Hispanic juror questionnaire might lend credence to a determination that there was discrimination, when all of *762 these factors were related about TG, the district court did not clearly err in finding a non-discriminatory motive in striking TG. Evaluating the state of mind of Nib-co’s counsel, based on demeanor and credibility, “lies peculiarly within a trial judge’s province.” See Hernandez v. New York, 500 U.S. 352, 365, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991). Thus, the district court’s determination of no discriminatory animus is entitled to more deference than was allowed by the majority.
Because the majority does not indicate that the district court clearly erred in finding no discrimination in the striking of Juror L or RG, I do not discuss those jurors nor the criteria used in striking them. For the reasons stated heretofore, I would find that the district court did not clearly err in finding no discriminatory intent in striking certain jurors. I would affirm the district court.